UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: BPS DIRECT, LLC, AND CABELA'S, LLC,
WIRETAPPING LITIGATION                                                               MDL No. 3074


TRANSFER ORDER


    **Before the Panel**:[*] Plaintiff in two actions pending in the Western District of Missouri moves under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Pennsylvania or, alternatively, the Western District of Missouri. The litigation consists of six actions pending in five districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of two related actions pending in the Central District of California and the District of Maryland.[1] All responding plaintiffs support centralization in the Eastern District of Pennsylvania or, alternatively, in the Western District of Pennsylvania. Defendants BPS Direct, LLC, Cabela's LLC, and Cabela's Retail MO, LLC, oppose centralization but, alternatively, request the Western District of Missouri as the transferee district.

    On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. BPS Direct and Cabela's, which are co-owned by Bass Pro, LLC, are retailers that sell hunting, fishing, camping, and other outdoor recreation merchandise, both in brick-and-mortar stores and online. Plaintiffs in these putative class actions allege that defendants' websites are embedded with session replay code that tracks and records the activities and data of all visitors to their websites. Plaintiffs assert claims for violation of state wiretap statutes, the Federal Wiretap Act, or both, as well as various claims under state consumer protection or data privacy statutes and common-law claims for invasion of privacy, intrusion upon seclusion, or unjust enrichment. The actions will share questions of fact as to whether and how defendants record the activities and data of website users, whether that information is shared with the vendors that supplied the code, the purposes for which the information is used and by whom, how defendants' privacy policies are displayed, and where the alleged recording or interception occurs. The cases are likely to involve

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

- 2 -

duplicative discovery and overlapping pretrial motions regarding standing, class certification, and the interpretation of the wiretap statutes.

Defendants oppose centralization, arguing that the actions will involve individualized factual inquiries regarding how each plaintiff interacted with defendants' websites. Although there doubtless will be some factual variations with respect to whether plaintiffs purchased products on the websites and the extent to which they were aware of defendants' privacy policies, "transfer under Section 1407 . . . does not require a complete identity or even majority of common factual issues as a prerequisite to transfer." *In re NSA Telecomms. Records Litig.*, 444 F. Supp. 2d 1332, 1334 (J.P.M.L. 2006).

Defendants similarly contend that centralization is not warranted because the actions involve legal claims under multiple different state wiretap statutes. They maintain that even seemingly similar wiretap statutes have been interpreted differently by courts in different states and that the question whether the use of session replay code violates each statute presents a state-specific issue that should be left to local courts. For much the same reason, they argue that centralization should be deferred until after defendants' pending motions to dismiss have been ruled on and the viability of plaintiffs' claims has been determined. These arguments are not persuasive. We routinely have centralized actions asserting similar claims under different state statutes where they involve common questions of fact. *See, e.g.*, *In re CenturyLink Residential Customer Billing Disputes Litig.*, 280 F. Supp. 3d 1383, 1384 (J.P.M.L. 2017) (centralizing despite "differences among the various state laws on which plaintiffs bring their claims" because "'[t]he presence of differing legal theories is outweighed when the underlying actions . . . arise from a common factual core.'") (citing *In re M3Power Razor Sys. Mktg. & Sales Practices Litig.*, 398 F. Supp. 2d 1363, 1364-65 (J.P.M.L. 2005)). Moreover, several of the actions involve claims under the same statutes and, as the motions to dismiss filed in several of these cases demonstrate, even motions under different states' statutes will present similar issues, as most wiretap statutes employ largely the same terminology.

Finally, defendants claim that there are too few actions to warrant centralization and that informal coordination is feasible. They point out that they have filed motions to transfer and consolidate the three Pennsylvania cases and that the two actions filed in the Western District of Missouri already have been consolidated. But even if the three Pennsylvania actions were consolidated, there still would be six class actions pending in six districts. With limited overlap among the involved plaintiffs' counsel, centralization appears to be the most efficient option.

We conclude that the Eastern District of Pennsylvania is an appropriate transferee district. The district is requested by movant and all responding plaintiffs, and three of the involved actions are pending in Pennsylvania. We assign the litigation to Judge Mark A. Kearney, an able jurist who has not yet had the opportunity to preside over an MDL. We are confident that he will steer this matter on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and,

- 3 -

with the consent of that court, assigned to the Honorable Mark A. Kearney for coordinated or consolidated pretrial proceedings.

                      PANEL ON MULTIDISTRICT LITIGATION

                                  Karen K. Caldwell
                                        Chair

| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

IN RE: BPS DIRECT, LLC, AND CABELA'S, LLC, WIRETAPPING LITIGATION      MDL No. 3074

## SCHEDULE A

<u>Southern District of California</u>

MOORE, JR. v. BPS DIRECT, LLC, C.A. No. 3:22−01951

<u>District of Massachusetts</u>

MONTECALVO v. CABELA'S, INC., C.A. No. 1:22−11837

<u>Western District of Missouri</u>

TUCKER v. BPS DIRECT, LLC, C.A. No. 6:22−03285

<u>Eastern District of Pennsylvania</u>

VONBERGEN v. BPS DIRECT, LLC, C.A. No. 2:22−04709

<u>Western District of Pennsylvania</u>

CORNELL v. BPS DIRECT, L.L.C., C.A. No. 1:23−00020
CALVERT v. CABELA'S, L.L.C., C.A. No. 2:22−01460